**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DICTORIA NOMAN ABDULLAH ELMALIKI**<br>**NAFAA MUTHANNA SALEH AL-ABLI**<br><br>*Plaintiff-Petitioners*,<br><br>v.<br><br>**PAMELA BONDI**, *in her official capacity as Attorney General of the United States*<br>**KRISTI NOEM**, *in her official capacity as Secretary of Homeland Security*<br>**KIKA SCOTT**, *in her official capacity as Director of USCIS*<br><br>*Defendant- Respondents*. | **PLAINTIFFS' PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>5:26-cv-217 (GTS/ML) |

<u>**PLAINTIFFS' PETITION FOR WRIT OF MANDAMUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**</u>

Plaintiff-Petitioners Dictoria Noman Abdullah Elmaliki ("Plaintiff Elmaliki") and

Plaintiff Nafaa Muthanna Saleh Al-Abli, ("Plaintiff Al-Abli"), collectively ("Plaintiffs"), by and

through the undersigned counsel, respectfully bring this Petition for Writ of Mandamus and

Complaint for Declaratory and Injunctive Relief to compel the Defendant-Respondents, Pamela

Bondi, U.S. Attorney General, Kristi Noem, Secretary of the U.S. Department of Homeland

Security, Kika Scott, Director of U.S. Citizenship and Immigration Services ("Defendants") to

adjudicate Plaintiffs' pending Form I-130 Petition for Alien Relative. In support thereof,

Plaintiffs allege as follows:

<u>**NATURE OF ACTION**</u>

1.      This is an action to compel Defendants and those acting under them to immediately and forthwith take all appropriate action to adjudicate Plaintiff Elmaliki's properly filed Form I-130, Petition for Alien Relative on behalf of her spouse, Plaintiff Al-Abli.

2.      On September 20, 2023, Plaintiff Elmaliki, a United States Citizen, filed a Form I-130, Petition for Alien Relative on behalf of Plaintiff Al-Abli with the United States Citizenship and Immigration Services ("USCIS"), where it remains pending since.

3.      The petition remains within the jurisdiction of Defendants who have improperly withheld timely action on the application for over two years, to Plaintiffs' detriment.

4.      Plaintiffs face irreparable injury that cannot later be cured. Due to the delay in adjudication, Plaintiff Al-Abli has been forced to live in Yemen, away from his wife and United States Citizen child, home to what the United Nations calls the world's worst humanitarian crisis, and each day of delay places their life at risk.

5.      The delay in adjudication of the I-130 Petition has placed a severe financial and emotional strain on the Plaintiffs. Plaintiffs have been unable to definitively plan for their future and have been forced to put future plans on hold.

6.      Plaintiffs are heartbroken at their forced situation. They cannot fathom why they have been subjected to an unlawful adjudication process and why their regular life as a family has been indefinitely delayed.

7.      Statutes, regulations, and agency guidance make clear that the Defendants have a mandatory duty to adjudicate Plaintiffs' petition within a reasonable time – a duty which they have failed to fulfill.

8.      Congress has made clear what it considers a reasonable time for adjudicating immigration benefits. "It is the sense of Congress that the processing of an immigration benefit

application should be completed **not later than 180 days after the initial filing of the application** *See* 8 U.S.C. § 1571 and (Pub. L. 106–313, title II, §202, Oct. 17, 2000, 114 Stat. 1262.) (Emphasis added.)

9.      Plaintiffs are entitled to a decision on the pending I-130 petition and the Defendants' improper withholding of statutorily mandated adjudication of a pending petition, presents an ongoing violation of the Administrative Procedures Act ("APA") and the Immigration Nationality Act ("INA").

10.      Defendants' failure to timely adjudicate the petition deprives Plaintiffs of their rights under the U.S. Constitution, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and its implementing regulations, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 706, as well as settled case law.

11.      Defendants' delay in adjudicating the I-130 Applications is unreasonable, unexplained, without any rational basis and is causing irreparable injuries to Plaintiffs. This inaction is causing Plaintiffs concrete and particularized injuries through the significant disruption of Plaintiffs' health, education, and professional career, financial hardship, and severe and irreversible psychological harm. The financial, physical, and emotional stresses that Plaintiffs have suffered because of Defendants' failure to act have exacted a significant toll on Plaintiffs and will not be relieved until the visa petition is adjudicated.

12.      Plaintiffs' I-130 petition remains within the jurisdiction of the Defendants who have improperly withheld timely action on the application for over 874 days to Plaintiffs' detriment.

13.     Plaintiffs have a clear right to adjudication of the petition. Defendants have unreasonably failed to adjudicate the Petition within a reasonable amount of time, in dereliction of their non-discretionary duties. Plaintiffs have no alternative means to obtain relief.

14.     Plaintiffs are also entitled to relief under the APA, which authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Defendants' failure to adjudicate the I-130 Petition constitutes agency action unlawfully withheld or unreasonably delayed, entitling Plaintiffs to relief.

15.     Pursuant to the APA, 5 U.S.C. §§706(1), 706(2)(A), 706(2)(D), a reviewing court may also "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law" and agency action taken "without observance of procedure required by law."

16.     Accordingly, Plaintiffs are entitled to a writ of mandamus (1) declaring that Defendants' continued failure to adjudicate Plaintiffs' I-130 Petition violates the Constitution, the APA, the INA, agency regulations, and agency policy; (2) directing Defendants to immediately adjudicate the I-130 Petition filed on behalf of Enas Mohammed Ahmed Mohammed Alzokari; and (3) forwarding Plaintiffs' petition to the Department of State and issue a visa case number forthwith.

17.     Plaintiffs now turn to this Court seeking an order to compel the Defendants and those acting under them to immediately and forthwith take all appropriate action to complete adjudication of Plaintiffs' petition, issue a final decision, forward the approved petition to the Department of State.

## PARTIES

18.     Plaintiff Dictoria Noman Abdullah Elmaliki ("Plaintiff Elmaliki"), is a United States Citizen, the spouse of Plaintiff Hamood, and the petitioner of the Form I-130 Petition for Alien Relative, currently pending final adjudication.

19.     Plaintiff Nafaa Muthanna Saleh Al-Abli("Plaintiff Al-Abli") is the spouse of Plaintiff Elmaliki. Plaintiff Al-Abli is the beneficiary of a Form I-130 Petition for Alien Relative, filed by Plaintiff Al Barka, which is currently pending at USCIS – over 28 months since it was filed.

20.     Defendant Pamela Bondi is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, she is charged with controlling the determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters. Defendant Bondi is sued in her official capacity.

21.     Defendant Kristi Noem is the Secretary of the Department of Homeland Security, a cabinet-level department of the U.S. government responsible for implementing and enforcing the INA ("DHS"). As the Secretary of the U.S. Department of Homeland Security, she is responsible for the general administration and enforcement of the immigration laws of the United States. More specifically, as the Secretary of DHS she is responsible for the adjudication of petitions for noncitizen relatives. Defendant Noem is sued in her official capacity.

22.     Defendant Kika Scott is the Director of the U.S. Citizenship and Immigration Services, the agency within the Department of Homeland Security which is responsible for the administration of laws and statutes governing immigration and naturalization and the adjudication of petitions for immigration benefits, including petitions for noncitizen relatives. 6 U.S.C. § 274.

As such, she is charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS nationally. Defendant Scott is sued in her official capacity.

## JURISDICTION

23.     This case arises under the United States Constitution; the INA, 8 U.S.C. § 1101 *et seq.*; and the APA, 5 U.S.C. § 555(b) and § 701 *et seq.*  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1329, and 1361. This is a civil action brought pursuant to 28 U.S.C. § 1361. ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).  This Court also has authority to grant declaratory relief under 28 U.S.C. § 2201 and 2202, and injunctive relief under 5 U.S.C. § 702 and 28 U.S.C. § 1361.

24.     Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Furthermore, the Plaintiffs are challenging USCIS' authority to refuse to adjudicate Plaintiffs' petition and not challenging a decision with the discretion of Defendants. Therefore, jurisdiction exists for this Court to consider whether Defendants have the authority to withhold adjudication of the immigrant petition.

25.     Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall

proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review Plaintiffs' complaint for declaratory and injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act, within a reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to, compel agency action … unreasonably delayed," 5 U.S.C. § 706(1).")

26.     Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]"

27.     As the present action does not seek review of a removal order but is simply an action to compel Defendants to adjudicate the Plaintiffs' unreasonably delayed petition, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. See *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) ("[T]here is … significant district court authority holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action."); *see also Jafarzadeh v. Duke*, 270 F. Supp. 3d 296 (D.D.C. 2017).

28.     Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"

29.     Because adjudication of a properly filed I-130 Petition for Alien Relative is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. See *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey,* 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."); *Liu*, 509 F. Supp. 2d at 4-7 ("In this case, plaintiff is challenging the absence of a decision or action, specifically the failure to adjudicate his application. Review over the lack of action is not barred.")

30.     Numerous federal district courts have ruled that adjudication of a properly filed application, is a purely ministerial, non-discretionary act which Defendants are under obligation to perform in a timely manner. See, e.g., *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public."); *Al Daraji v. Monica*, CIVIL ACTION 07-1749 (E.D. Pa. Oct. 12, 2007); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 149, 151-53 (D. Mass. 2007) ("The duty to act is no duty at all if the deadline is eternity"); *Paunescu v. INS*, 76 F. Supp. 2d 896, 899-900 (N.D. Ill. 1999) ("[P]laintiffs are not asking this court to review any discretionary judgment regarding the granting of relief …

Plaintiffs do not ask this court to 'review' a governmental action, but to examine and rectify a gross inaction.")

31.     There exists an actual and justiciable controversy between Plaintiffs and Defendants requiring resolution by this Court. Plaintiffs have no adequate remedy at law.

32.     The court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* and the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*

33.     As such, Defendants have a clear duty to adjudicate immigrant applications pending before them. As set forth below, the delay in processing the Plaintiffs' properly filed petition is unreasonable.

## **VENUE**

34.     Pursuant to 28 U.S.C. § 1391(e), venue is proper in this district on the following grounds: (1) this is a civil action in which Defendants are officers or employees of the United States or agencies thereof acting in their official capacities;  (2) Plaintiff Al Barka resides in this judicial district and no real property is involved; and (3) a substantial part of the events or omissions giving rise to the claim occurred in this district.

## **LEGAL FRAMEWORK**

### I.     **The I-130 Adjudication Process**

35.     One of the primary methods by which foreign nationals seeking to immigrate to the United States is immigration based on their familial relationship with a United States citizen or lawful permanent resident.

36.     The Form I-130 Petition for Alien Relative ("I-130 Petition") may be filed for a noncitizen seeking classification as either an immediate relative under INA § 201(b) or as a

preference immigrant under INA § 203(a) based on a qualifying relationship to a United States citizen or lawful permanent resident. 8 C.F.R. 204.1(a).

37.    In order for a noncitizen spouse of a United States Citizen to obtain lawful permanent resident status, the United States Citizen must first file a Form I-130 Petition for Alien Relative on behalf of their noncitizen beneficiary to classify him or her as an "immediate relative" or "family-preference immigrant" 8 C.F.R. § 204.1(a)(1).

38.    After the filing of an I-130, required fees, and supporting documents, USCIS is required to investigate the validity of the claimed familial relationship. 8 U.S.C. § 1154(b).

39.    A petitioner must make *only* a *prima facie* case that the beneficiary is eligible for the benefit sought, for approval of the I-130.

40.    Therefore, "even if [USCIS] has some doubt as to the truth, "a petition still must be approved when the "petitioner has established that the [bona fide relationship] is probably true." *Adjudicator's Field Manual,* Ch. 11.1(c) – Standards of Proof (citing *U.S. v. Cardozo-Fonseca,* 480 U.S. 421 (1987)). (emphasis added).

41.    The *Adjudicator's Field Manual* (AFM) is USCIS' centralized online repository for all of the agency's governing immigration policies, procedures, and guidance for rendering decisions.[1]

42.    Most petitions must be supported by primary evidence of the relationship on which petition is sought. *Adjudicator's Field Manual*, Ch. 21.2(b)(2).

---

[1] The AFM, USCIS Immigration Policy Memoranda site, and other policy repositories will ultimately by replaced by the USCIS Policy Manual. As of the writing of this memorandum, the Policy Manual has not been completed.

43.     The standard sources of primary evidence that establish the claimed relationship are (1) USCIS records, (2) Federal, State, and local records, and (3) foreign biographical and registration documents. *Adjudicator's Field Manual*, Ch. 11.1(f).

44.     Only when the primary evidence is *unavailable* is secondary evidence or an interview required. 8 C.F.R. 204.1(2).

45.     The availability of documents is determined by the State Department's country specific guidelines, which has determined all Yemen biographical documents as available.[2]

46.     Generally, I-130 petitions are approved simply by furnishing the I-130 petition, necessary fees, and primary evidence.

47.     Requests for Evidence and in-person interviews are only sought after an individualized review of the petition and evidence submitted therewith. *Adjudicator's Field Manual*, Ch. 10.5(b)(1)(A) (stating that the initial case review should be thorough" and "[Requests for Evidence] should, if possible, be avoided").

48.     The *Adjudicator's Field Manual* recognizes this and plainly states that "interviews are time-consuming and should be required *only* when absolutely necessary." *Adjudicator's Field Manual*, Ch. 21.2(b)(11) (emphasis added).

49.     Further, DNA and/or blood testing are not the norm and are expressly prohibited as a routine part of the normal adjudication process. *Adjudicator's Field Manual*, Ch. 21.2(d)(1)(B) (stating blood testing is not and should not be routine part of the adjudications process).

---

[2] *See U.S. Visa Reciprocity and Civil Documents by Country: Yemen*, U.S. Department of State – Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/us-visas/Visa-Reciprocity-and-Civil-Documents-by-Country/Yemen.html (last visited July 15, 2022).

50.    After a determination that the facts stated in the petition are true and that the noncitizen on behalf of whom the petition is made is an immediate relative, USCIS "***shall approve the petition and forward one copy thereof to the Department of State***." See 8 U.S.C. § 1154(b). 8 CFR § 204.2 (a)(3). (emphasis added).

51.    Once "a petitioner of an immediate relative petition proves that [the familial relationship] meets the requirements for the approval of an I-130, he is entitled, as a matter of right, to the approval of his petition." *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013). "The decision of whether to approve an I-130 visa petition is a nondiscretionary one." *Id*.

52.    Congress has made clear what it considers a reasonable time for adjudicating immigration benefits. "It is the sense of Congress that the processing of an immigration benefit application should be completed **not later than 180 days after the initial filing of the application**, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition." See 8 U.S.C. § 1571, Pub. L. 106–313, title II, §202, Oct. 17, 2000, 114 Stat. 1262 (Emphasis added).

53.    If the I-130 petition is denied, the petitioner must be notified of the reasons for the denial and of the right to appeal. 8 CFR § 204.2 (a)(3).

54.    The time agencies take to make decisions must be governed by a rule of reason and where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason." *Telecommunications Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir.1984).

## STATEMENT OF FACTS

55.     Plaintiff Dictoria Noman Abdullah Elmaliki ("Plaintiff Elmaliki"), is a United States Citizen and the petitioner of the Form I-130 Petition for Alien Relative, filed on behalf of her spouse, Plaintiff Nafaa Muthanna Saleh Al-Abliis currently pending at USCIS over 28 months since it was filed.

56.     Plaintiff Nafaa Muthanna Saleh Al-Abli, ("Plaintiff Al-Abli"), is the husband of Plaintiff Elmaliki and the beneficiary of a Form I-130 Petition for Alien Relative, filed by Plaintiff Elmaliki, which is currently pending at USCIS – 28 months since it was filed. He is currently stranded in Yemen. **Exhibit A**, *Marriage Registration.*

57.     Plaintiff Elmaliki filed a Form I-130 Petition for Alien Relative with USCIS on behalf of Plaintiff Al-Abli.

58.     On September 20, 2023, USCIS received the Petition and assigned the case receipt number IOE0922428069. **Exhibit B**, *I-130 Receipt Notice.*

59.     As of the date of this filing, Plaintiffs have not received a substantive update on their case from the Defendants, and no action has been taken since it was received by Defendants.

60.     Despite the passage of over 28 months since Plaintiffs filed the I-130 petition, Defendants have failed to fulfill their duties to adjudicate the petition and forward it to the Department of State as required in a reasonable amount of time.

**I. Defendants' Delay in Adjudicating Plaintiffs' Petition is Unlawful and Unreasonable**

61.     Despite all reasonable attempts by Plaintiff to determine the nature of the delay in the adjudication of the Form I-130 petition, Defendants have unreasonably, arbitrarily, and capriciously delayed without explanation or on the grounds of any rational basis.

62.    Congress has made clear what it considers a reasonable time for adjudicating immigration benefits. "It is the sense of Congress that the processing of an immigration benefit application should be completed **not later than 180 days after the initial filing** of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition." See 8 U.S.C. § 1571, Pub. L. 106–313, title II, §202, Oct. 17, 2000, 114 Stat. 1262 (Emphasis added).

63.    Defendants' delay in adjudicating Plaintiffs' petition is unlawful and unreasonable as Plaintiffs' petition has been pending with USCIS for more than 874 days, over 4 *times* the amount intended by Congress, without any updates or explanation for the delay.

64.    Under the APA, a reviewing court may order action of government officials or agencies on unlawfully withheld or unreasonably delayed cases. "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed;" and may also "hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "(D) without observance of procedure required by law". See 5 U.S.C. §§706(1), 706(2)(A), 706(2)(D).

65.    Defendants' failure to adjudicate Plaintiffs' I-130 Petition and forward their case to the Department of State constitutes agency action unlawfully withheld or unreasonably

delayed, and their decision to subject Plaintiffs to extreme vetting and additional processing is arbitrary, capricious and an abuse of discretion.[3]

66.    Furthermore, Plaintiffs have a liberty interest in living together as a family protected by the United States Constitution. Denials that implicate Constitutional rights must be supported by a facially legitimate and *bona fide* reason.

67.    Defendants have not provided a facially legitimate and bona fide reason supporting the determination that Plaintiffs' petition should not be approved and that they should be subjected to extreme vetting and indefinite processing.

68.    Plaintiffs have a clear right to have a facially legitimate explanation and *bona fide* basis for the denial of the original petitions. See *Kleindienst v. Mandel*, 408 U.S. 753 (1972); *Kerry v. Din*, 135 S. Ct. 2128 (2015); *Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400 (S.D.N.Y. 2006).

69.    Defendants owe Plaintiffs the duty to properly, and in good faith, complete processing of the Petition and render a facially legitimate and bona fide decision which Defendants have failed to perform.

## II. Plaintiffs Have Been Harmed by Defendants' Unreasonable Delay/Failure to Act

70.    Due to the unreasonable delay in adjudication of the I-130 petition, Plaintiffs have been indefinitely separated and denied the opportunity to live a normal familial life.

71.    As a result of the delay, Plaintiff Al-Abli is now stranded in Yemen, in what the United Nations has described as the world's worst humanitarian crisis, with little to no resources

---

[3] On September 1, 2021, USCIS Acting Deputy Director Tracy Renaud informed Senior Judge Peter J. Messitte that one of many reasons USCIS delayed in processing cases is because some Applicants' historical files are stuck in a cave. Lily S. Axelrod (@LilySAxelrod), TWITTER (Sep. 1, 2021, 11:50 AM), https://twitter.com/lilysaxelrod/status/1433094580694564876?s=21 .

and conditions that continue to worsen, and indefinitely separated from his U.S. citizen wife and child.

72.     Since 2014, a civil war has ravaged Yemen, resulting in the worst humanitarian crises in the world. Any further delay is risking the life of Plaintiff Enas further.

73.     In the wake of COVID-19, a disastrous situation has become an even worse catastrophe.

74.     Aside from the obvious health implications, the educational system has completely crumbled, resulting in the disruption of education for over 2 million Yemeni children. Further, due to blockades, the country is unable to feed itself and 14 million people are on the brink of starvation.

75.     The tremendous mental suffering caused by family separations is unconscionable and further compounded when their lives are at risk. Plaintiff Al-Abli is left to live in a war-torn country without his spouse.

76.     Additionally, blockades are preventing basic human necessities from reaching the Yemeni people, resulting in extreme famine and rampant disease that is ravaging the country. The day-to-day conditions have become unlivable, and necessities are sparse. Plaintiff Elmaliki lives with constant fear and worry for the safety and wellbeing of her husband.

77.     Due to the Defendants' delay, Plaintiff Al-Abli has been forced to remain in Yemen without his spouse.and any further delay will cause further unconscionable family separation.

78.     Plaintiffs have been robbed of a safe, healthy, and normal livelihood.

79.     Plaintiff Al-Abli is emotionally devastated at having to remain in Yemen for so long, especially during Yemen's on-going humanitarian crisis. Plaintiff Elmaliki worries

constantly about his emotional and physical well-being and that this situation may have a long-lasting psychological impact on each individual and the fabric of her family.

80.    The considerable amount of money Plaintiffs had to spend on legal representation as well as other expenses related to the adjudication of their I-130 petition has been financially crippling for Plaintiffs.

81.    As a result of Defendants' abrogation to perform their mandatory duty to adjudicate Plaintiffs' petition within a reasonable amount of time, Plaintiffs have suffered and will continue to suffer substantial, concrete, and particularized injury.

### III. Plaintiffs are Entitled to Relief

82.    District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

83.    Moreover, a district court reviewing agency action under the APA may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

84.    Pursuant to the APA, 5 U.S.C. §§706(1), 706(2)(A), 706(2)(D), a reviewing court may also "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "without observance of procedure required by law."

85.    The APA requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. The INA's implementing regulations provide that

when an application has been properly completed and executed it must be either refused or denied. 22 C.F.R. § 41.121(a).

86.    Defendants do not have the authority to interminably suspend action on an immigration petition; they must decide and act consistently with that decision by either approving or denying the petition.

87.    Defendants' failure to act violates the U.S. Constitution, APA, 5 U.S.C. § 706(1), the INA and its implementing regulations, and agency policy.

88.    Because Defendants have failed to carry out their duties and obligations under the law and governing regulations, thereby depriving Plaintiffs of their clearly established rights, Plaintiffs are entitled to a writ of mandamus and/or relief under the APA directing Defendants to adjudicate the I-130 petition forthwith.

## EAJA FEES

89.    In connection with the claim for attorneys' fees and costs, under the Equal Access to Justice Act, 28 U.S.C. § 2412, Plaintiffs seek to recover costs and attorneys' fees incurred in bringing this action. Plaintiffs are obligated to pay reasonable attorneys' fees and costs incurred in the litigation of this cause.

## FIRST CLAIM FOR RELIEF

### 28 U.S.C. § 1361 – Writ of Mandamus to compel officers and agencies of the United States to perform a duty owed to Plaintiffs

90.    The above paragraphs are incorporated herein by reference.

91.    District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

92.     The INA and the regulations pursuant to it impose on Defendants a non-discretionary duty to issue to timely adjudicate Plaintiffs' I-130 petition and to complete any background checks or other investigations required by USCIS in order to do so.

93.     It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application. *See* 8 U.S.C. § 1571 and (Pub. L. 106–313, title II, §202, Oct. 17, 2000, 114 Stat. 1262.)

94.     Plaintiffs assert that Defendants have no legal basis for failing to proceed with the Form I-130 petition and that there is no adequate remedy at law for Defendants' failure to timely adjudicate the petition and any background checks or other investigations required.

95.     Defendants have failed in their duty to adjudicate Plaintiffs' I-130 petitions by refusing to make a decision despite the passage of over 874 days, **almost 4 times the amount intended by** Congress for processing immigration benefit application.

96.     Mandamus action is appropriate because the Defendants have failed to act within a reasonable period of time. See, e.g., *Liu*, 509 F. Supp. 2d at 9 (holding that the APA requires the government to act within a reasonable period of time); see also *Sierra Club v. Thomas*, 828 F.2d 783, 794 (D.C. Cir. 1987) (stating that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice").

97.     Defendants have a clear, non-discretionary, and mandatory duty to adjudicate Plaintiffs' I-130 petition. There is no legal bar to doing so. Accordingly, Plaintiffs have a clear and indisputable right to have the I-130 petition adjudicated. No alternative remedy exists to compel action by Defendants.

## SECOND CLAIM FOR RELIEF

**Administrative Procedure Act, 5 U.S.C. § 555(b), § 706(1) et seq.**

98.     The above paragraphs are incorporated herein by reference.

99.     Pursuant to the APA, 5 U.S.C. § 555(b), Defendants have a nondiscretionary duty to act "within a reasonable time" upon a matter presented to them.

100.    Pursuant to the APA, 5 U.S.C. § 706(1), a court may compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1),

101.    Pursuant to the APA, 5 U.S.C. §§706(1), 706(2)(A), 706(2)(D), a reviewing court may also "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and agency action taken "without observance of procedure required by law" "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. 706(C); or "without observance of procedure required by law," 5 U.S.C. § 706(D).

102.    "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent thereof, or failure to act." 5 U.S.C. § 551(13).

103.    Plaintiffs are eligible for and have fulfilled all statutory requirements for I-130 approval.

104.    Plaintiffs have submitted all necessary information and evidence supporting the application and paid all applicable fees and Defendants have confirmed that, "We do not currently need anything from you but will contact you if we need additional information regarding your case." **Exhibit C**, *USCIS Online Case Status.*

105.    The Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law.

106.    Further, Defendants' delay in acting on Plaintiffs' petitions is unreasonable and constitutes agency action wrongfully withheld or unreasonably delayed because the application

has been pending for **over 28 months** without interview or a final decision. If the failure to act

persists, Plaintiffs face irreparable harm, a fact which is well known to Defendants.

107.    Defendants' delay in acting on Plaintiff's petitions is unlawful, unreasonable, and

constitutes agency action wrongfully withheld or unreasonably delayed because the petition has

been pending for far more than 180 days without a final decision. Plaintiffs face irreparable harm

and a risk of losing their life if the failure to act persists, a fact which is well known to

Defendants.

108.    The failure of Defendants Pamela Bondi, Kristi Noem, DHS, Kika Scott, and

USCIS, and those acting under them to process and complete Plaintiffs' I-130 petition within a

reasonable period of time, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5

U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

109.    As a result of Defendants' unreasonable delay and/or failure to act, Plaintiffs have

suffered and will continue to suffer injuries. No alternative remedy exists to compel action by

Defendants.

### **THIRD CLAIM FOR RELIEF**

#### **Fifth Amendment (Procedural Due Process)**

110.    Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set

forth herein.

111.    Procedural Due Process requires that procedural application of the law be fair and

just, such that individuals are not subjected to the arbitrary exercise of governmental authority.

112.    Accordingly, Procedural Due Process requires that an individual be entitled to

notice and an opportunity to be heard before the government can lawfully deprive him or her of

an interest that is protected under the Due Process Clause, to wit: life, liberty or property.

113.    Plaintiffs have a constitutionally protected liberty interest in making personal choices regarding family matters in a manner that is free from unjustifiable government interference in said choices.

114.    Defendants' unlawful refusal to adjudicate Plaintiffs' I-130 Petition constitutes a *de facto* deprivation of Plaintiff's constitutionally protected liberty interests under the Fifth Amendment of the United States Constitution.

115.    As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damage entitling them to declaratory, injunctive and other relief.

116.    Defendants' failure to give Plaintiffs a meaningful explanation for subjecting Plaintiffs to extreme vetting and indefinite processing and any method or process, by which Plaintiffs can challenge the application of the extreme vetting to their Petition violates the Due Process clause of the Fifth Amendment to the United States Constitution.

117.    As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request this Court enter judgment on their behalf and against all Defendants, and to grant the following relief:

A. Issue a writ of mandamus directing Defendants to complete all steps necessary to adjudicate Plaintiffs' I-130 Petition for Alien Relative, including any pending background checks and interview, within thirty (30) days from the date of the order;

B. Issue an order pursuant to the Administrative Procedure Act, 5 U.S.C. § 555(b), 706(1) *et seq*., directing Defendants to take all steps necessary to adjudicate Plaintiffs' Form

I-130 Petition, including completing any necessary background checks and interview, within thirty (30) days from the date of the order;

C.  Declare that Defendants' continued failure to adjudicate Plaintiffs' petition constitutes agency action unlawfully withheld or unreasonably delayed;

D.  Retain jurisdiction over this action to monitor and enforce Defendants' compliance with all orders of this Court and until Defendants have finally adjudicated Plaintiffs' petition, and forwarded Plaintiffs' petition to the U.S. Department of State, and communicated those facts to the Court;

E.  Award Plaintiffs reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F.  Grant such further relief as this Court deems just and proper.

Dated: February 10, 2026

Respectfully submitted,

/s/Rafael Urena
Rafael Urena, Esq. (XL258331)
Phone: (703) 989-4424
Email: ru@urenaesq.com

**URENA & ASSOCIATES**
42 West St. Suite 136
Brooklyn, NY 11222